Whyte, Judge,
(dissented.) The question presented by this record for the opinion of the court is, whether, when a person has been taken upon a capias ad satisfaci-endum, and without having been committed to jail, gives bond and security under the act of 1817, ch. 16, sec. 1, for the benefit of the prison rules, and is in consequence thereof admitted to their benefit, can be discharged and set at liberty by the jailor, because the plaintiff in the cn. sa. hath not, at the expiration of fifteen days, paid to him the fees allowed by the act of 1819, ch. 56, or m other words, is the jailor entitled to 37-i cents per day from prisoners enjoying the benefit of the prison rules.
*88 When looking into these acts of 1817, ch. 16,1819, ch. 5b, and the other acts upon the same subject, cited m the argument, two states are contemplated by them, in which a prisoner (by which is meant a legal prisoner,) may exist or be placed. The one is when the prisoner is committed to jail — the other is where he hath the benefit of the prison rules, or as it is usually expressed, is in the bounds: these two states are not the same but different: they are different not only in point of fact, but different in the privileges and incidents attached to them. Now to which of these states of imprisonment is the duty of paying the prison fees to the jailor attached, upon the failure of which payment the jailor may discharge and set him at liberty? The answer is to the case where the prisoner has been committed to jail, by the terms of the act of 1817, ch. 16.
A similar provision in principle, and only varying in circumstances, is attached to the case of a prisoner who is committed to jail, in the act of 1811, ch. 24, sec. 8: there after the debtor has remained in execution for the space of-’days, then upon notice by the jailor to the attorney of the plaintiffj the jailor may demand security of him for the prison fees, and upon failure of security being given, then to discharge the debtor out of custody.
The act of 1819, ch. 56, is also corroborative of this construction, that the payment of fees to the jailor, and in default thereof, the power of the jailor to discharge the prisoner, and set him at liberty, is only an incident or provision attached to the state of a prisoner committed tó jail, for the act says “that the jailor shall demand and receive 37i cents for every 24 hours he provides good wholesome water and diet for each and every prisoner committed to his charge, and fifty cents for each turnkey, where the prisoner may be lawfully removed by process.” Now as all acts of assembly 'pari materia are to be construed together, and such a construction is to be adopted as, if possible, to make the whole consistent and have effect, the- right of receiving fees for diet &c. and upon failure to pay the right of the jailor to discharge the pri *89 soner, must be confined to the case of the one committed to jail; and not extended to the case of the prisoners enjoying the benefit of the prison rules, — otherwise the provision of fifty cents for each turnkey would be inoperative and without effect. It is argued, that the prisoner must have diet as well when having the benefit of the prison rules, as when committed to jail, and it must be the duty of the jailor to furnish him, and if so, to be paid by the plaintiffs, or if not, the prisoner must discharged. To this it may be answered, that the legislature having the whole matter before them at several times* and having attached the power of discharging and setting the prisoner at liberty, for non-payment of fees, to the case ofbeing committed to prison, and not to the case of being in the enjoyment of the prison rules, is conclusive evidence that they did not intend an extension of the power and right in the latter case. I am of opinion therefore that the judgment ought to be reversed, and judgment entered for the plaintiff below.